**In re Mitchell Alvin SNYDERMAN, Debtor.**

**Mark S. LONDON, P.A., Plaintiff,**

v.

**Mitchell Alvin SNYDERMAN, Defendant.**

**Bankruptcy No. 81–00539–BKC–SMW.**
**Adv. No. 81–0278–BKC–SMW–A.**

United States Bankruptcy Court,
S. D. Florida.

Sept. 8, 1981.

Alan W. Kaback, Coral Springs, Fla., for defendant.

Robert W. Weiss, Hollywood, Fla., for plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause came to be heard upon plaintiff's Complaint Objecting to Discharge filed herein. The Court, having heard the testimony and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

This Court has jurisdiction of the parties and subject matter of this action under 28 U.S.C. Section 1471.

 The debtor, prior to the filing of the bankruptcy petition had engaged the services of the plaintiff in this action, Mark London, P.A., to represent him in an action for dissolution of marriage. In the course of that employment, the debtor, Mitchell Snyderman, discussed the possibility of filing bankruptcy. It was decided, at that time, not to file a bankruptcy petition. Between that discussion and the filing of the voluntary bankruptcy petition by Mr. Snyderman's present attorney, Alan W. Kaback on April 9, 1981 approximately one year had elapsed. In the interim, Mr. Snyderman had incurred additional expenses on credit which the plaintiff alleges were made with no intent to repay the debt. This allegation fails for lack of proof. It cannot be assumed, based on a conversation with his former attorney one year prior, that subsequent credit purchases of the debtor were made in anticipation of being discharged in bankruptcy.

The plaintiff further alleges that the debtor had in his possession a cash fund of Ten Thousand ($10,000.00) Dollars which he transferred, removed or concealed with the intent to hinder, delay or defraud his creditors. The debtor admits that during the one year period in question he had approximately Eight Thousand ($8,000.00) Dollars

which he used to pay his living expenses. The evidence presented by the plaintiff fails to support the allegations that the defendant misused funds with the intent to defraud his creditors.

In accordance with the foregoing, the relief sought by the plaintiff is hereby denied, and a judgment will be entered based upon these findings and conclusions.